**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| | ) | On appeal from the U.S. Bankruptcy |
| YANG SHAO, | ) | Court for the Northern District of |
| | ) | Illinois, Eastern Division |
| Debtor. | ) | |
| | ) | Bankruptcy Case No. 23-B-09603 |
| | ) | |
| YANG SHAO, | ) | District Court Case No. 1:23-CV-13808 |
| | ) | |
| Appellant, | ) | Judge Edmond E. Chang |
| | ) | |
| v. | ) | |
| | ) | |
| CUSTOMERS BANK, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

Yang Shao and her business partners took out a loan in 2018 from Customers Bank to invest in three assisted-living facilities in Arizona. R. 7, Appellant's Bankruptcy Record at 511–32.[1] Four years later, Shao defaulted on the loan. *Id.* at 306. The next year, she filed for Chapter 13 bankruptcy in the Northern District of Illinois. *Id.* at 24–33. Most relevantly, the bankruptcy court subsequently entered three orders: (1) an order converting Shao's case to a Chapter 7 bankruptcy; (2) an order granting Customers Bank relief from the automatic stay for four properties that secured its loan to Shao; and (3) an order dismissing the case entirely. R. 1-4, Chapter 7 Conversion Order; R. 1-5, Stay Relief Order; R. 1-6, Dismissal Order. Shao then

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

appealed those orders to this Court, arguing that the bankruptcy court got them wrong.[2] R. 1, Notice of Appeal.

But Customers Bank now moves to dismiss Shao's appeal, contending that the appeal is moot because Customers Bank already sold the properties securing its loan and asserting that the appeal is blocked by claim preclusion because several other courts have already considered and dismissed Shao's bankruptcy cases. R. 23, Mot. Customers Bank is right—mootness and claim preclusion do warrant dismissal of the appeal in part (on mootness) and affirmance in part (on the merits of certain orders and aspects of orders). Plus, dismissal is further warranted because Shao has abused the judicial process by engaging in egregious forum shopping, repeatedly misrepresenting facts in her numerous bankruptcy petitions, and blatantly disregarding courts' express orders. Customers Bank's motion to dismiss the appeal and affirm in part is thus granted.

## I. Background

In 2018, Yang Shao and her business partners formed a company to invest in and operate three assisted-living facilities in Scottsdale, Arizona. Appellant's Bankruptcy Record at 511–532. To help fund the investment, they took out a loan from Customers Bank. *Id.* The loan was secured by personal guarantees from Shao and the other partners, as well as by several mortgages, including mortgages on the three Scottsdale properties and on an investment property in Chicago. *Id.* Though Shao

---

[2] The bankruptcy court's orders were final, so the Court has jurisdiction to hear Shao's appeal of those orders under 28 U.S.C. § 158(a).

made timely loan payments to Customers Bank for four years, she defaulted on the loan in 2022. *Id.* at 306. So Customers Bank sued her, her company, and the other guarantors for breach of contract in Arizona state court. *See Customers Bank v. Endeavor 1, LLC, et al.*, Super. Ct. of Maricopa Cnty., AZ, No. CV2023-000859.

Then, in May 2023, Shao filed for Chapter 13 bankruptcy in the Northern District of Illinois. Appellant's Bankruptcy Record at 24–33. A few months later, she voluntarily dismissed that first petition and quickly filed another voluntary Chapter 13 bankruptcy petition, again in this District. *Id.* at 35. But because Customers Bank's claims against Shao exceeded the Chapter 13 debt limit of $2.75 million, 11 U.S.C. § 109(e), Shao did not qualify for Chapter 13 bankruptcy, and the bankruptcy court entered an order converting her case to Chapter 7. Chapter 7 Conversion Order; *see also* Appellant's Bankruptcy Record at 306. Customers Bank then filed for relief from the automatic stay so that the bank could foreclose on the three Scottsdale properties and the Chicago property. Stay Relief Order. The court granted the Bank *in rem* stay relief for those four properties. *Id.* No longer subject to the automatic stay, Customers Bank sold the three Scottsdale properties through Trustee's Sales. Mot. at 5, 9; R. 27, Resp. Br. at 5. Finally, on September 1, 2023, the court dismissed Shao's bankruptcy case for several reasons, including that her bankruptcy petition had been filed in bad faith to hinder and defraud her creditors. Bankruptcy Court R. 81, Dismissal Hearing Trans. at 11; Dismissal Order. Due to this bad-faith filing, the court also barred Shao from filing for bankruptcy for the next 180 days. Dismissal Order.

3

Despite this filing ban, Shao went on a bankruptcy-filing spree, filing bankruptcy petitions six more times (from August 29, 2023, to October 24, 2023) in a variety of jurisdictions, including the District of Rhode Island, Central District of California, and District of Arizona. Mot. at 4–9; R. 23-2, Mot. Exh. 2, C.D. Cal. Dismissal; R. 23-4, Mot. Exh. 4, D. Az. Dismissal; R. 23-6, Mot. Exh. 6, D. R.I. Dismissal. Like Shao's case in the Northern District of Illinois, all of these cases were dismissed for various reasons, such as findings of bad faith, failures to comply with filing requirements, and misrepresentations of facts in the petitions. C.D. Cal. Dismissal; D. Az. Dismissal; D. R.I. Dismissal; R. 28-1, Reply Br. Exh. A, C.D. Cal Hearing Transcript at 5–7. After finding that Shao had filed her petitions in bad faith, several of the courts imposed bans of various lengths on Shao refiling for bankruptcy. C.D. Cal. Dismissal; D. Az. Dismissal; D. R.I. Dismissal; C.D. Cal Hearing Transcript at 5–11. For example, on November 13, 2023, the Central District of California bankruptcy court found that Shao had made false statements in her bankruptcy petition (such as that she had not filed for bankruptcy in the last eight years) and had bankruptcy cases pending in multiple districts. C.D. Cal Hearing Transcript at 5–11. So it barred Shao from filing for bankruptcy for one year. C.D. Cal. Dismissal. Shao did not appeal any of these six dismissals from other districts or any of the orders from these additional bankruptcy cases. Mot. at 4–9; Resp. Br. at 8.

However, Shao did appeal three orders from the second Northern District of Illinois case to this Court: (1) the order converting her case to Chapter 7; (2) the order granting stay relief for the Scottsdale and Chicago properties; and (3) the order

4

dismissing her case. Notice of Appeal. Customers Bank now moves to dismiss Shao's bankruptcy appeal. Mot. It argues that the appeal is rendered moot because the three Scottsdale properties have already been sold and that the appeal is claim precluded by the final orders in Shao's numerous other bankruptcy cases. Mot. at 9–15.

## II. Analysis

Though Shao appeals three separate orders from her second bankruptcy case, each of the claims underlying the orders are either moot or barred by claim preclusion, warranting dismissal of the appeal. Starting with the bankruptcy court's order converting Shao's case from Chapter 13 to Chapter 7, Shao's appeal of this order is now moot. "A case is moot if there is no possible relief which the court could order that would benefit the party seeking it." *In re Envirodyne Indus.*, 29 F.3d 301, 303 (7th Cir. 1994). That is the case here. The relief that Shao seeks in appealing the court's conversion order is vacatur of that order and reinstating the case as a Chapter 13 bankruptcy. Resp. Br. at 5. At the time of her bankruptcy petition filing, Shao owed debt obligations to Customers Bank of over $ 3 million. Appellant's Bankruptcy Record at 306. Because those debt obligations exceeded the $2.75 million debt limit for Chapter 13 cases, she did not qualify for Chapter 13, and the court was required to convert her case to Chapter 7. Chapter 7 Conversion Order. But the conditions that disqualified Shao from Chapter 13 bankruptcy no longer apply. In 2023, Customers Bank sold the three Scottsdale properties that secured Shao's loan for over $3 million. Mot. at 5; Resp. Br. at 5. That drastically reduced Shao's debt obligations, bringing her well within the $2.75 million debt limit for Chapter 13 bankruptcy. *See*

5

Appellant's Bankruptcy Record at 306. So Shao is now free to refile a Chapter 13 petition, and the petition would not be converted to Chapter 7. That means that Shao would not gain any meaningful, additional benefit from the Court vacating the bankruptcy court's conversion order and reverting her case to Chapter 13. Thus, with respect to this part of her appeal, there is no possible relief the Court could order that would benefit Shao.

Shao responds that her appeal of the conversion order is not moot because she is unable to refile for Chapter 13 bankruptcy now due to the filing bans that various courts have imposed on her. Resp. Br. at 11. But those filing bans no longer apply; they have all expired. In November 2023, the Central District of California bankruptcy court imposed a one-year filing ban on Shao because she had filed her petition in bad faith and made various factual misrepresentations in it. C.D. Cal. Dismissal. That ban expired in November 2024. And all of the other bans that courts imposed on Shao were shorter in length and expired prior to the expiry of the Central District of California court's ban. *See* D. Az. Dismissal; D. R.I. Dismissal; R. 23-4, Mot. Exh. 3, N.D. Ill. Second Dismissal. So Shao is no longer constrained by filing bans; she is free to refile a Chapter 13 petition in this district. That renders her appeal of the bankruptcy court's conversion order moot. Indeed, even if the filing bans were in effect, it would be questionable for Shao to rely on her own misconduct—which prompted the imposition of the filing bans—to argue that she needs to pursue the appeal to evade the bans.

6

Next, Shao appeals the court's order granting Customers Bank relief from the automatic stay. Dismissal is proper for this part of the appeal as well due to a combination of mootness and claim preclusion. The stay relief order applied to four of the properties securing Customers Bank's loan to Shao: the three Scottsdale properties and the Chicago property. Stay Relief Order. Again, Customers Bank sold the three Scottsdale properties in 2023. Mot. at 5; Resp. Br. at 5. The Court cannot reverse those sales. So vacating the bankruptcy court's order and reinstating the automatic stay with respect to those three properties would be meaningless. The stay is meant to prevent assets from being sold or transferred. But if the assets have already been sold, then there is no point of applying the stay. *See In re CGI Indus.*, 27 F.3d 296, 299 (7th Cir. 1994).

That leaves the Chicago property. Though Customers Bank has not sold this property, Shao's appeal of the stay relief order is meritless as to the Chicago property as well, this time due to claim preclusion. "In Illinois, the doctrine of claim preclusion provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rose v. Bd. of Election Comm'rs for City of Chicago*, 815 F.3d 372, 374 (7th Cir. 2016) (cleaned up).[3] Claim preclusion has three requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

identity of the causes of action; and (3) an identity of the parties or their privies." *Id.*
All three requirements are satisfied here. In 2023, after considering the merits of
Shao's bankruptcy petition, the Central District of California bankruptcy court en-
tered an order granting relief to Customers Bank from the automatic stay for the
Scottsdale and Chicago properties. R. 23-1, Mot. Exh. 1, C.D. Cal. Stay Relief Order.
And Shao did not appeal that order. Resp. Br. at 8. So that court's stay-relief order
was a final judgment on the merits entered by a court of competent jurisdiction, and
that case involved Shao and Customers Bank, the same parties at play here. *Id.* Thus,
Shao is precluded from now challenging the stay relief that the Northern District of
Illinois granted for the same Chicago property. The combination of mootness and
claim preclusion means that the appeal of the stay-relief order results in dismissal in
part and affirmance in part.

Moving on to the bankruptcy court's order dismissing Shao's case altogether,
again claim preclusion applies, barring Shao from appealing this decision. As with
the stay-relief order, all three claim-preclusion requirements are satisfied here. Shao
filed bankruptcy petitions in several other courts, including the District of Rhode Is-
land, District of Arizona, and Central District of California. *See* C.D. Cal. Dismissal;
D. R.I. Dismissal; D. Az. Dismissal. These courts all dismissed Shao's bankruptcy
cases for a variety of reasons, including that Shao filed in bad faith, made misrepre-
sentations of fact, and failed to meet several requirements to qualify for bankruptcy.
C.D. Cal. Dismissal; D. R.I. Dismissal; D. Az. Dismissal. And unlike with her North-
ern District of Illinois case, Shao did not appeal any of these other dismissals. Resp.

8

Br. at 8. So all of these dismissals became final judgments on the merits of Shao's bankruptcy cases after the window for filing for appeal passed. Plus, all of these cases were between Shao and Customers Bank. C.D. Cal. Dismissal; D. R.I. Dismissal; D. Az. Dismissal. That means that claim preclusion applies again. Shao is precluded from challenging the Northern District of Illinois bankruptcy court's dismissal of her case because other courts have considered and rejected her bankruptcy cases, which dealt with the same issues at play here. Her appeal is barred, which means that the bankruptcy court's dismissal order is affirmed.

Finally, the Court must note that Shao's serial bankruptcy filings present a prime example of abuse of judicial process. Despite having her bankruptcy cases repeatedly dismissed and despite being expressly barred by several courts from refiling for bankruptcy, Shao remained undeterred and ignored the courts' explicit instructions. In total, Shao filed eight different bankruptcy petitions in four different bankruptcy courts. Mot. at 4–9; C.D. Cal. Dismissal; D. R.I. Dismissal; D. Az. Dismissal; C.D. Cal Hearing Transcript at 5–11. And in the process, she repeatedly misrepresented facts to these courts, falsely stating, for example, that she had not filed for bankruptcy in the last 8 years. C.D. Cal Hearing Transcript at 5–8. This type of egregious forum shopping and blatant disregard of court orders cannot be tolerated. Thus, principles of equity and a respect for the courts would themselves require dismissal of Shao's bankruptcy appeal. Customers Bank's motion to dismiss Shao's appeal is granted, and Shao's bankruptcy court case remains dismissed.

### III. Conclusion

The appeal is dismissed in part and affirmed in part. Shao's bankruptcy case remains dismissed with prejudice.

ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2025